UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATISHA SYLVESTER,

        Petitioner,                  Case No. 1:07-CV-1001
                                           (Criminal Case No. 1:03-CR-203)

v.

                                           HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

        Respondent.
                                    /

## OPINION

### I. Introduction

This Court has before it Latisha Sylvester's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the Court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

### II. Procedural History

On June 7, 2006, Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii); conspiracy to possess with intent to distribute and to distribute 50 grams or more

of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii); and conspiracy to possess with intent to distribute and to distribute an unknown quantity of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D). On November 15, 2006, the Court held a hearing as to the quantity of drugs for which Petitioner should be held responsible, determined the quantity, and sentenced Petitioner to 174 months incarceration. Judgment was entered on November 17, 2006. On October 4, 2007, Petitioner timely filed this motion under 28 U.S.C. § 2255. Petitioner now claims, for the first time: (1) that her sentence was improper under 21 U.S.C. § 841(b); and (2) that the facts giving rise to her conviction were unsubstantiated.

### III. Petitioner's Claims are Procedurally Defaulted

As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals. *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998). The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review. *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984). Because Petitioner failed to raise her claims on direct appeal, her claims are procedurally defaulted. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). As such, Petitioner is barred from raising her claim in a § 2255 motion unless she can demonstrate that "cause" and "actual prejudice" existed to excuse her failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99. To show cause, Petitioner must point to "some objective factor external to the

defense" that prohibited her from raising her claim on direct appeal. *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645.  To show prejudice, she must demonstrate an error that worked to her actual and substantial disadvantage. *Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that she should be sentenced to a shorter time than she was sentenced.  Instead, she makes unsupported, conclusory statements regarding the credibility of adverse witnesses, upon which this Court ruled at the time of sentencing.  Likewise, she fails to allege or show that some external impediment prevented her from pursuing her claims on direct appeal.  Moreover, she cannot show prejudice because the issues are without merit.  In order to prevail on her § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999).  Petitioner has not met this burden.

### IV.  Petitioner's Claims Are Without Substantive Merit

Petitioner raises two other claims in her motion.  First, she argues that her sentence was excessive under 21 U.S.C. § 841(b) because some portion of it was imposed for an unknown quantity of marijuana.  Petitioner's reference to § 841(b) is misguided.  That statute refers to mandatory minimum sentences triggered by specific weights of controlled substances.  The five kilograms of powder cocaine to which Petitioner pled, alone, dictated a minimum of ten years imprisonment and a maximum of life.  Moreover, the marijuana did not factor into Petitioner's advisory Sentencing Guidelines range.  The Court did not make a specific determination as to the amount of marijuana involved because the marijuana quantity did not meet the threshold level to influence the Sentencing Guidelines calculation given the amount of powder cocaine and cocaine base already determined.

Because the undetermined quantity of marijuana did not factor into her sentence, Petitioner has shown no prejudice.

Second, Petitioner argues that the evidence against her was untrustworthy. Petitioner argues that the witnesses who testified against her lacked credibility because they offered fabricated testimony in exchange for favorable plea bargains. Additionally, Petitioner argues that she was never "caught" with anything. As previously mentioned, Petitioner's claim is wholly unsupported by anything other than her own subjective opinions regarding witness credibility. Without more, Petitioner's claim lacks merit, and as a result she has demonstrated no prejudice excusing procedural default.

Finally, this Court has no authority to change Petitioner's sentence because of any sympathy that the Court might feel toward Petitioner. 18 U.S.C. § 3582(c).[1]

## V.  No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate);

---

[1] Petitioner's motion to reduce her sentence because of recent changes in the crack cocaine guidelines remains pending.

4

*Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

### VI. Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.

Dated: January 3, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE